██ In the Matter of the Claim of FLORENCE GORDON, Respondent, v. COUNTY OF ERIE, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board, filed January 17, 1967. Claimant was employed by the County of Erie in its auto license bureau as a switchboard operator. The finding of accidental injury is not controverted on this appeal. Appellant, the self-insured county employer, appealed the Referee's award to the board on the sole ground that claimant was not covered by compensation because no election to cover employees within her category had been made by the employer. This argument was rejected by the board as being contrary to the clear intent of subdivision 7 of section 63 of the Workmen's Compensation Law which deems such coverage to be elected unless the employer specifically elects not to provide coverage for any particular group of employees and such election is filed with the Chairman of the Workmen's Compensation Board. No election was ever filed by the employer here and the award was affirmed. Since the only issue raised before the board and passed on by them was whether or not claimant was covered by appellant's self-insurance plan, the other contentions presented for the first time can not be considered upon this appeal. (*Matter of Gore* v. *City of Ogdensburg,* 29 A D 2d 599, mot. for lv. to app. den. 21 N Y 2d 644; *Matter of Clark* v. *J. S. S. Realty Co.,* 26 A D 2d 877; *Matter of Galvez* v. *Gold Coast Enterprises,* 23 A D 2d 600; *Matter of Hedlund* v. *United Exposition Decorating Co.,* 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646.) Appellant's original argument that claimant was not covered by its self-insurance plan is without merit. Article 5 of the Workmen's Compensation Law deals with county self-insurance plans. Under subdivision 7 of section 63 of that article, as properly found by the board, the Legislature extended coverage to such employees as claimant unless the enacted coverage was expressly limited by affirmative action. This appellant did not do, and it cannot ignore the expanded coverage provided by the Legislature by contending its plan is unique. It is a self-insured county and is subject to the

mandate of subdivision 7. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.